UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| NICOLE LAWTONE-BOWLES, | |
| Plaintiff, | DECISION and ORDER |
| v. | |
| SENECA COUNTY CORRECTIONS DIVISION, SENECA OUNTY OFFICE BULIDING, SENECA COUNTY SHERIFF'S OFFICE  CORRECTION DIVISION, OFFICER REED, and SGT. LT. MULLEN, | 16-CV-227V(F) |
| Defendants. | |

_____

APPEARANCES:   PHILLIPS LYTLE, LLP
 Attorneys for Plaintiff
 TRACY L. EDWARDS,
 DEENA KATHERINE MUELLER-FUNKE, and
 KYLE TANZER, of Counsel
 One Canalside
 125 Main Street
 Buffalo, New York  14203-2887

 DAVID K. ETTMAN
 SENECA COUTY ATTORNEY
 Attorney for Defendants
 One DiPronio Drive
 Waterloo, New York  13165

**JURISDICTION**

This case was referred to the undersigned by Honorable Lawrence J. Vilardo on August 3, 2020, for pretrial matters.  The matter is presently before the court on Defendants' motion to vacate entry of default (Dkt. 19), filed July 31, 2020.[1]

---

[1] A motion to vacate an entry of default is nondispositive.  *DeLee v. Russo*, 2019 WL 3945657, at *1 (W.D.N.Y. Aug. 21, 2019), *report and recommendation adopted,* 2019 WL 5287929 (W.D.N.Y. Oct. 18, 2019), *reconsideration denied,* 2019 WL 5715646 (W.D.N.Y. Nov. 5, 2019).

## BACKGROUND

On November 19, 2015, Plaintiff Nicole Lawtone-Bowles ("Plaintiff"), then proceeding *pro se*, filed a complaint in the Southern District of New York alleging that Defendants denied Plaintiff access to her son, Benjamin Brownlee ("Brownlee") who was detained in Seneca County Correctional Facility ("SCCF"), and upon Brownlee's release from custody, provided Brownlee with a ticket to Sacramento, California, after which Plaintiff was unable to contact Brownlee and feared he was missing or dead. Plaintiff names as Defendants to this action Seneca County Corrections Division, Seneca County Office Building, Seneca County Sheriff's Office Correction Division, Officer Reed ("Reed"), and Sgt. Lt. Mullen ("Mullen") (together, "Defendants"). Plaintiff alleges claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and the "Disability Care Givers Act." Complaint ¶ II.B.

On March 8, 2016, then Chief District Judge for the Southern District of New York Loretta A. Preska, transferred the case to the Western District of New York based on improper venue (Dkt. 3) ("Transfer Order"). In the transfer order, Chief Judge Preska observed that Plaintiff has no federal claim under the nonexistent "Disability Care Givers Act," and that it is unlikely Plaintiff can assert a valid claim under the ADA. Transfer Order at 1. Nevertheless, Chief Judge Preska perceived Plaintiff may be attempting to assert constitutional claims under 42 U.S.C. § 1983, *id*. at 2, and transferred the matter to this court. *Id*. at 4.

On September 15, 2019, District Judge Vilardo construed Plaintiff's claim asserted under the nonexistent "Disability Care Givers Act" as asserted pursuant to § 504 of the Rehabilitation Act of 1973 ("the Rehabilitation Act"), 29 U.S.C. § 794(a), and

2

Plaintiff's motion to proceed *in forma pauperis* (Dkt. 1) was granted, with the U.S. Marshal directed to effect service of process on Defendants.  On October 25, 2019, executed summons for each of the five named Defendants was returned (Dkt. 6).  By Text Order entered March 2, 2020 (Dkt. 7), Plaintiff was ordered to show cause why the action should not be dismissed for failure to prosecute.  On April 10, 2020, Plaintiff responded to the order to show cause, explaining that she was disabled in an automobile accident and requesting appointment of counsel.  (Dkt. 9)  On June 29, 2020, Plaintiff's request for appointment of counsel was granted with Deena Mueller-Funke, Esq., of Phillips Lytle LLP appointed as *pro bono* counsel to represent Plaintiff. (Dkt. 11).

On July 22, 2020, Plaintiff moved for entry of default pursuant to Fed.R.Civ.P. 55(a) based on Defendants' failure to answer, (Dkt. 13), and default was entered on July 23, 2020 (Dkt. 16).  On July 31, 2020, Defendants moved to vacate entry of default (Dkt., 19) ("Defendants' Motion"), attaching the Attorney's Affidavit and Memorandum in Support of Motion to Set Aside the Entry of Default by the Clerk (Dkt. 19-1) ("Defendants' Memorandum").  On August 14, 2020, Plaintiff filed Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Vacate Default (Dkt. 21) ("Plaintiff's Response"), and the Affidavit of Plaintiff in Opposition to Motion to Vacate Entry of Default (Dkt. 22) ("Plaintiff's Affidavit").  On August 20, 2020, Defendants filed Defendants' Response to Memorandum of Law in Opposition to Motion to Vacate Default (Dkt. 23) ("Defendants' Reply").  Oral argument was deemed unnecessary.

Based on the following, Defendants' Motion is GRANTED.

## **FACTS**[2]

Plaintiff Nicole Lawtone-Bowles ("Plaintiff") has an adult disabled son, Benjamin Brownlee ("Brownlee"), who was first diagnosed with bipolar disorder and schizophrenia as a child. Plaintiff maintains she has provided Brownlee with all care and a support system since his birth. At some point, Brownlee became incarcerated in Seneca County Correctional Facility ("SCCF" or "the correctional facility") in Romulus, New York. As Brownlee's incarceration release date approached, Plaintiff made arrangements for Brownlee to live near her in supportive housing in New York City, where Plaintiff also enrolled Brownlee in a transitional employment and services program.

Plaintiff maintains she communicated with Defendants regarding the arrangements she made for Brownlee's release and traveled to SCCF on September 29, 2015 to pick up Brownlee upon his release from custody. When Plaintiff arrived at the correctional facility, however, Defendants Mullen and Reed refused to allow Plaintiff to speak with Brownlee and threatened to taser Plaintiff if she did not leave. Plaintiff left without seeing or speaking with Brownlee. Plaintiff then telephoned the correctional facility in an attempt to speak with Brownlee, but Mullen and Reed did not put the call through to Brownlee, and disconnected the call.

Plaintiff later learned that upon releasing Brownlee on September 30, 2015, Defendants, at Brownlee's request, provided Brownlee with a ticket to Sacramento, California, where Plaintiff maintains Brownlee has no family or support system. Plaintiff

---

[2] The Facts are taken from the pleadings and motion papers filed in this action.

4

was unable to contact Brownlee and feared he may be dead. Defendants maintain Brownlee has since been located at a correctional facility in California.

## DISCUSSION

Under Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . , the clerk must enter the party's default." Entry of default is mandatory, not discretionary. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). Once default has been entered, Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." The standard for good cause "requires a court to weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013). Further, it is within the district court's discretion to vacate an entry of default. *See Thomas v. Martin-Gibbons*, __ Fed.Appx. __, 2021 WL 2065892, at * 1 (2d Cir. May 24, 2021) (reviewing district court's vacating entry of default for abuse of discretion) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)). *See Puerner v. Hudson Spine & Pain Med., P.C.,* 2019 WL 2548134 at *2 (S.D.N.Y. June 19, 2019) ("The Court enjoys sound discretion in applying these factors, but must acknowledge the strong preference to resolve disputes on the merits." (*citing New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005))). In the instant case, consideration of the relevant factors supports vacating the entry of default.

Specifically, with regard to the first factor, Defendants argue their failure to file an answer or to otherwise appear in this action "was not willful but a product of mistake and

communication," that caused the Seneca County Attorney to believe an answer had been filed.  Defendant's Memorandum at 4.  In opposing Defendants' Motion, Plaintiff does not argue Defendants' default was willful.  Willfulness is "conduct that is more than merely negligent or careless."  *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998), *cert. denied*, 525 U.S. 931 (1998).  A determination of willfulness is appropriate "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained."  *Id.*  A default that is attributed to more than negligence, such as "bad faith" evidenced by a strategic decision to ignore the litigation is willful.  *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996).  Nevertheless, although gross negligence may weigh against the defaulting party, it does not necessarily preclude relief.  *Id*.  In the instant case, Defendants' failure to answer cannot be attributed to anything other than, at most, gross negligence, and the first factor thus weighs in favor of vacating the default.

The second factor requiring the existence of meritorious defenses also weighs in Defendants' favor.  In particular, Defendants assert Plaintiff is without standing to assert a violation of the ADA or the Rehabilitation Act on behalf of her adult son for whom Plaintiff has no custodial or guardianship relationship, Defendants' Memorandum at 5, nor does Plaintiff make any factual allegation supporting such a claim in her own name. *Id*.  In opposition, Plaintiff asserts this court has subject matter jurisdiction over claims pursuant to the ADA and the Rehabilitation Act, as well as civil rights claims pursuant to 42 U.S.C. § 1983.  Plaintiff's Response at 4.  Plaintiff further maintains she has the right to amend the Complaint to assert such claims.  *Id*.  In reply, Defendants argue the Second Circuit has a "strong preference for resolving disputes on the merits,"

6

Defendants' Reply at 1 (quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001), and cautions that "defaults are generally disfavored and are reserved for rare occasions." *Id*. (quoting *Enron Oil Corp.*, 10 F.3d at 96). Although a "defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense," *Enron Oil Corp.*, 713 F.2d at 98, evidence of facts which, if proven at trial, would constitute a complete defense will suffice. *McNulty*, 137 F.3d at 740. Here, Plaintiff's opposing arguments with regard to the second factor are merely conclusory and fail to directly counter Defendants' putative defenses. Further, Defendants' assertion that Plaintiff, in the absence of any allegation or evidence that Plaintiff has a custodial or guardianship relationship with her adult son, lacks standing to assert any claim on behalf of her son, whether proven upon a later dispositive motion or at trial, would constitute a complete defense to this action. *McNulty*, 137 F.3d at 740. Accordingly, the second factor weighs in favor of vacating the entry of default.

With respect to the third factor, Defendants maintain that other than the allegations that Defendants Mullen and Reed threatened to taser Plaintiff and terminated Plaintiff's telephone calls to her son, there are no factual disputes to be litigated in this matter such that Plaintiff cannot establish any prejudice by vacating the default. Defendants' Memorandum at 3. In response, Plaintiff speculates that further delays in this action "could result in evidence being lost, forgotten, or moved." Plaintiff's Response at 5-6. Plaintiff does not deny that her son has been located in a California prison nor does she argue with additional delay she would be unavailable to testify. "[D]elay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Instead, it must be established that the delay has caused

7

the loss of evidence or created increased difficulties in discovery, or provided increased opportunity for fraud and collusion.  *Id.*  Accordingly, Plaintiff's mere speculation that further delay "could result" in the loss of some evidence is insufficient to establish prejudice so as to support denying Defendants' Motion.

Because all three factors weigh in favor of vacating default, and in light of the Second Circuit's preference that actions be decided on their merits, *Powerserve Int'l, Inc.*, 239 F.3d at 514, Defendants' Motion is GRANTED.

## CONCLUSION

Based on the foregoing, Defendants' motion to vacate entry of default (Dkt. 19) is GRANTED.  The Clerk of Court is directed to vacate the default entered on July 23, 2020 (Dkt. 16).  Defendant is directed to file and serve an answer to the Complaint within twenty (20) days of receipt of this Decision and Order.

SO ORDERED.

 

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     September 3rd, 2021
           Buffalo, New York